UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER W. FAIRCLOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-1188-RLW |
| | ) | |
| BILL BOWYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Christopher W. Faircloth, an inmate at the Farmington Correctional Center ("FCC") who is proceeding herein pro se and in forma pauperis. For the reasons discussed below, the Court will dismiss this case, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

On May 3, 2019, plaintiff initiated this civil action along with six fellow inmates. In the complaint, they alleged their collective rights were being violated because of unsanitary conditions in particular areas of FCC. More specifically, the complaint alleged the presence of black mold and pests, improper sanitization practices, and a lack of proper cleaning chemicals. Each plaintiff filed a separate motion for leave to proceed in forma pauperis. Because the Court does not allow prisoners to join together and proceed in forma pauperis in a single lawsuit, the Court severed the plaintiffs and opened new cases for each one.

In the case at bar, the Court conducted preliminary review of the complaint and determined it was defective and subject to dismissal, and gave plaintiff the opportunity to file an

amended complaint to cure the defects and set forth his own claims for relief. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2)(B).

## The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Warden Teri Lawson, Assistant Wardens Bill Bowyer and Paul Blair, Deputy Warden Tami White, Cooks Melanie Coffman and Edmund Jennings, and Sharon Montgomery. He states he sues Lawson, Bowyer, Blair, White, Coffman and Jennings in their official and individual capacities. He does not specify the capacity in which he sues Montgomery.

The amended complaint spans 105 pages. It includes sections plaintiff has titled "Statement of Claim," "Legal Claims," and "Prayer for Relief." It also includes copies of various declarations and grievance filings from plaintiff and some of the other inmates with whom plaintiff initiated this action, along with duplicate copies of some materials. However, despite the manner in which plaintiff prepared the amended complaint, the Court is able to discern his claims for relief and his factual allegations in support. Plaintiff alleges as follows.

"Around August of 2018, plaintiff and several other offenders came together to deal with all the unsanitary conditions in A-dining at FCC," the area of the facility in which plaintiff worked. "All the parties included are plaintiff, Elvis Kelley, Dale Reed, Charles Lester, Virgil A. Stallone, and Anthony M. Greer." These individuals filed informal resolution requests ("IRRs") and grievances alleging roach infestation, black mold, and lack of proper cleaning supplies at FCC. The affected buildings were closed and fumigated, but the black mold remained and the roaches began to return.

Plaintiff subsequently began working in "Main Production," where there are rats. "The Wardens" told plaintiff and the other inmates that no black mold was found, but plaintiff believes

3

there is black mold and states he is OSHA-certified and can recognize it. While in A-dining, plaintiff and other inmates were asked to use Borax to clean what plaintiff claims was black mold. Plaintiff and the other inmates told Melanie Coffman they did not want to perform the job, and Coffman assigned the job to others. Plaintiff alleges that he and the other inmates could have been disciplined for disobeying Coffman's order. He also alleges that Coffman's order endangered the inmates who performed the job.

Plaintiff and other inmates filed IRRs to complain that the A-dining steam machine was not working properly, and the dishes were therefore not sanitary. A decision was made to begin sanitizing the dishes using bleach water. Before this occurred, however, plaintiff "ended up with food poisoning." "Medical" gave him "stomach pills" and placed him on a liquid diet, and he was given a temporary lay-in from work. The liquid diet was served in un-sanitized containers. Other offenders did not follow proper protocol regarding the bleach water sanitizing process. Coffman was made aware of this, but did not intervene. "No dishes were rewashed, allowing offenders to eat and drink off dirty dishes." Trays were not properly sanitized. The same thing happens in B-dining.

Next, plaintiff alleges that the steam machine in A-dining was fixed, but the ceiling leaks and the inmates who work there lack proper training. There are also "unsanitary conditions" in the housing units. Plaintiff sets forth many of these allegations in his declaration.

Review of the grievance materials plaintiff included with the amended complaint show that he grieved the faulty steam machine and the presence of black mold. On January 31, 2019 and April 2, 2019, prison officials responded by advising that testing was negative for black mold and that the steam machine had been repaired. Kelley and Reed also grieved issues regarding unsanitary conditions, and prison officials responded that all housing units and

4

common area buildings were regularly sprayed for pests, that dining staff had been instructed to increase cleaning with bleach, and that the facility had been tested for black mold but none was found.

In describing his injuries, plaintiff alleges "I sustained food poisoning on one event" and "I have also had issues with my allergies and breathing in both A-dining and Main Production from the black mold I am forced to breathe in." In the section of the amended complaint titled "Legal Claims," plaintiff cites the Court to appellate decisions from other circuits about prison conditions. He claims that Greer has a medical condition and is forced to work in an environment with black mold. In a section of the amended complaint titled "Exhibit: Defendant's Actions," plaintiff alleges that each named defendant was "made aware" of the foregoing problems but did not fix them. Plaintiff also alleges that each named defendant "denied many of the concerns brought to [his or her] attention." Plaintiff seeks declaratory, injunctive and monetary relief.

## Discussion

Plaintiff's claims arise under the Eighth Amendment, which prohibits the infliction of cruel and unusual punishment on those convicted of crimes. *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009). "[P]unishment is cruel and unusual if it deprives inmates of the minimal civilized measures of life's necessities." *Whitnack v. Douglas Cty.*, 16 F.3d 954, 957 (8th Cir. 1994). To state a plausible conditions-of-confinement claim, plaintiff must demonstrate both an objective and a subjective element. To satisfy the objective element, plaintiff must demonstrate he was confined in conditions that were sufficiently serious to pose a substantial risk of serious harm or deny him "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Hamner v. Burls*, 937 F.3d 1171, 1178 (8th Cir. 2019). The duration of the exposure to the conditions and the harm suffered are key facts in determining

5

whether this element has been satisfied. *Tokar v. Armontrout*, 97 F.3d 1078, 1082 (8th Cir. 1996); *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994). To satisfy the subjective element, plaintiff must demonstrate that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834.

Plaintiff asserts his claims against Lawson, Bowyer, Blair, White, Coffman and Jennings in their official and individual capacities. Because he does not specify the capacity in which he sues Montgomery, the Court presumes he sues her in her official capacity only. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (when a complaint is silent about the capacity in which a plaintiff sues a defendant, the court must interpret the complaint as alleging only official-capacity claims). Official capacity claims are the functional equivalent of a suit against the employing governmental entity. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, all of the defendants are employed by the Missouri Department of Corrections ("MDOC"). However, plaintiff has failed to allege sufficient facts to state an official capacity claim because there are no non-conclusory allegations that a MDOC policy or custom played a role in the alleged constitutional violations. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, plaintiff's official-capacity claims fail.

Plaintiff has also failed to allege facts sufficient to state a plausible claim against any defendant in his or her individual capacity. At most, plaintiff's allegations establish that he was confined in unpleasant or unsanitary conditions. However, mere exposure to such conditions does not amount to "an excessive risk to inmate health or safety" under the Eighth Amendment. *See Jordan v. Franks*, 2010 WL 4007641, at * 2 (S.D. Ga. Aug. 30, 2010); *see also Batiste v. Madison Parish Sheriff's Office*, 2007 WL 2263077 at *2–3 (W.D. La. Jun. 22, 2007) (no constitutional claim where plaintiff was exposed to mold and mildew for eight months absent

some showing that he suffered actual physical harm attributable to the exposure); *Cable v. Wall*, 2010 WL 1486494 (D. RI Mar. 18, 2010) (collecting cases determining that conditions that amount to a general lack of cleanliness are constitutionally insignificant).

Plaintiff does allege he suffered a single instance of food poisoning and had "issues with [his] allergies and breathing in both A-dining and Main Production." However, these allegations are insufficient to establish that objectively, plaintiff was confined in conditions that posed a significant risk to his health or safety. In *George v. King,* the Fifth Circuit recognized that "a single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute violations of the constitutional rights of the affected prisoners." 837 F.2d 705, 707 (5th Cir. 1988). The Court reasoned that the situation was "of the kind occasionally experienced by those in military service or in other institutional settings, as well as individually in the more routine course of daily life." *Id.* Similarly, plaintiff does not specify what "issues" he experienced with his allergies or breathing, or allege facts permitting the inference that he actually suffered adverse medical consequences that are attributable to exposure to the environmental conditions he describes.

In sum, plaintiff's allegations do not permit the inference that he was confined in conditions that were sufficiently serious to pose a substantial risk of serious harm or deny him "the minimal civilized measure of life's necessities." Plaintiff therefore fails to demonstrate the objective element necessary to state a plausible Eighth Amendment claim. The Court will therefore not continue the analysis to determine whether plaintiff's allegations would satisfy the subjective element. However, the Court does note that plaintiff's own allegations and the grievance materials he provided do not appear to support the conclusion that prison officials ignored the complained-of conditions. Instead, it appears that the facility was tested for black

7

mold, buildings were fumigated, the steam machine was repaired, and the facility was routinely sprayed for pests.

Plaintiff can also be understood to claim entitlement to relief because of the manner in which his grievances were handled. However, such allegations do not state a claim of constitutional dimension. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). Finally, it appears plaintiff again attempts to assert claims on behalf of other inmates, despite being cautioned against doing so. Plaintiff lacks standing to bring claims for others, and because he is not a licensed attorney, he may not represent another person's interests in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another person in federal court).

Having thoroughly reviewed and liberally construed the amended complaint, the Court concludes that plaintiff's allegations fail to state a plausible claim for relief. Plaintiff is specific about the claims he wishes to bring, and it is apparent that the problems with the amended complaint could not be cured by permitting plaintiff to amend his pleading a second time. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 10th day of December, 2019.

8

*[signature]*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE